IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

STEPHEN GROSS                                              PLAINTIFF

VS.                                        CIVIL ACTION NO. 4:12cv194-FKB

FRANK SHAW, et al.                                      DEFENDANTS

OMNIBUS ORDER

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force at the East Mississippi Correctional Facility. The Court held a *Spears*[1] hearing on August 28, 2013, and the parties have consented to jurisdiction by the undersigned.

Plaintiff's claims, as set forth in his complaint and at the *Spears* hearing, are that two prison officers, identified only as Jackson and Augerman, sprayed an entire can of "Foxx," a chemical agent, into his cell without cause, made him wait an unreasonable length of time before he was allowed to decontaminate, and denied him medical treatment for the skin and eye irritations that resulted from the application of the chemical.

At the hearing, Plaintiff admitted that Defendants Frank Shaw and Frederick Young played no part in the administration of the chemical agent. Rather, his only allegation against these officials is that they failed to take disciplinary action against Jackson and Augerman. This allegation fails to state a claim for relief under § 1983. Accordingly, Defendants Jackson and Augerman are hereby dismissed.

Defendants Jackson and Augerman have not yet been served with process. At the

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

hearing, defense counsel was directed to provide to the Clerk the last known address of Defendant Jackson, who is no longer employed at EMCF.  Defense counsel is directed to provide this information within seven days of entry of this order, after which the Clerk shall re-issue process for this defendant.  Defense counsel is likewise directed to attempt to identify the officer identified by Plaintiff as "Augerman" or "ATL" and to provide any known address to the Clerk within seven days so that process may be reissued for him.

Plaintiff is cautioned that it is ultimately his responsibility to provide sufficient information for service of process on the remaining defendants.  Notice is hereby given that should defense counsel be unable to provide such information, these defendants will be subject to dismissal unless Plaintiff provides a current address for service of process.

Plaintiff stated at the hearing that he desired to withdraw his jury demand.  The docket sheet shall be changed to reflect that this is a non-jury matter.

SO ORDERED this the 11th day of September, 2013.

/s/ F. Keith Ball

_____
UNITED STATES MAGISTRATE JUDGE